UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN CARLOS LOZANO SANCHEZ,

                Petitioner,                    Case No. 1:26-cv-1648

v.                                   Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing. (Pet., ECF No. 1, PageID.5; Br. Supp. Pet., ECF No. 2, PageID.11.)

In an Order entered on May 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the

May 12, 2026 bond hearing on June 1, 2026. (Resp., ECF No. 67; Recording of May 12, 2026 Bond Hearing, filed on June 1, 2026.)

## II.      Relevant Factual Background

Petitioner is a citizen of Colombia who entered the United States in 2024. (Pet., ECF No. 1, PageID.4; Notice to Appear (NTA), ECF No. 2-4, PageID.18.) On January 5, 2026, Petitioner was arrested by ICE in Newark, New Jersey (Pet., ECF No. 1, PageID.2.)

On April 23, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Lozano Sanchez v. Unknown Party #1* (*Lozano Sanchez I*), No. 1:26-cv-1327 (W.D. Mich.). In *Lozano Sanchez I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Lozano Sanchez I*, (W.D. Mich. May 5, 2026), (ECF Nos. 8, 9).

On May 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.2.) At the conclusion of the bond hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk. Respondent has final order of removal." Order of the Immigration Judge, *Lozano Sanchez I*, (W.D. Mich. May 13, 2026), (ECF No. 10-1, PageID.133).

## III.     Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on May 12, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v.*

*Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        June 9, 2026               /s/ Jane M. Beckering
                                         Jane M. Beckering
                                         United States District Judge

3